# CIVIL COVER SHEET

⬧JS 44  (Rev. 12/07)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
SPINA, ANTHONY

## DEFENDANTS
CITY OF PHILADELPHIA and OFFICER BRIAN W. HARTZELL ✚

**(b)** County of Residence of First Listed Plaintiff   PHILADELPHIA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   PHILADELPHIA
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Marc A. Weinberg, Esquire, Saffren & Weinberg, 815 Greenwood Ave., Ste. 22, Jenkintown, PA 19046 (215) 576-0100 ✚

Attorneys (If Known)

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☒ 3  Federal Question (U.S. Government Not a Party) |
| ☐ 2  U.S. Government Defendant | ☐ 4  Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☒ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN   (Place an "X" in One Box Only)

| | |
|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court |
| ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened |
| ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation |
| ☐ 7 Appeal to District Judge from Magistrate Judgment | |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC SECTION 1983 AND 1988

Brief description of cause:
false arrest and false imprisonment

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE
01/25/2012

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY SPINA | : | |
| 916 South 8th Street | : | |
| Philadelphia, PA 19147 | : | CIVIL ACTION NO. |
| Plaintiff, | : | |
| | : | |
| v. | : | JURY TRIAL DEMANDED |
| | : | |
| CITY OF PHILADELPHIA | : | |
| One Parkway | : | |
| 1515 Arch Street | : | |
| Philadelphia, PA 19102-1595 | : | |
| and | : | |
| OFFICER BRIAN W HARTZELL | : | CIVIL ACTION COMPLAINT |
| Philadelphia Police Department | : | |
| One Parkway | : | |
| 1515 Arch Street | : | |
| Philadelphia, PA 19102-1595 | : | |
| Defendants. | : | |

## JURISDICTION

This action is brought pursuant to 42 U.S.C. Section 1983.  Jurisdiction is based upon 28

U.S.C. Section 1331 and 1343(1), (3), (4), and the aforementioned statutory provision.  Plaintiffs

further invoke the pendent and ancillary jurisdiction of this Court to hear and decide claims

arising under state law.

## VENUE

Venue is proper under 28 U.S.C. Section 1391(b) because the cause of action upon which

the Complaint is based arose in Philadelphia, Pennsylvania which is in the Eastern District of

Pennsylvania.

## PARTIES

1.     Plaintiff, Anthony Spina, is a citizen and resident of the City of Philadelphia,

Philadelphia County and the Commonwealth of Pennsylvania.

2.  Defendant City of Philadelphia is a municipality in the City of Philadelphia, Philadelphia County existing under the laws of the Commonwealth of Pennsylvania.

3.  At all times relevant herein the aforementioned Defendant employed the Police Officers of the City of Philadelphia Police Department who are being sued both individually and as officers, agents and/or employees of the City of Philadelphia.

4.  At all times relevant hereto, Defendant, Brian W. Hartzell, was a Police Officer from the Philadelphia Police Department in the course and scope of his employment, under the color of law and pursuant to the customs, policies and practices of the Defendant, City of Philadelphia.

5.  On January 26, 2010 Plaintiff, Anthony Spina, was stopped and administered a breathalizer at or near 2nd and Christian Streets in Philadelphia, PA by Defendant, Brian W. Hartzell.

6.  At the aforementioned time and place, Defendants, City of Philadelphia by and through its agents servants and workmen, and/or Hartzell, knew and/or should have known that the breathalizer machine administered and/or used by the Plaintiff was defective and/or not properly calibrated.

7.  Defendant, Hartzell, arrested Plaintiff based upon the defective and/or improperly calibrated breahalizer machine.

8.  Thereafter, Plaintiff was detained by the Defendant City of Philadelphia for two days.

9.  Defendant, Hartzell, detained and arrested Plaintiff without justification and/or

probable cause.

10.    Thereafter, on or about September 1, 2010, based upon the false pretext created by the Defendants, jointly, severally and/or individually Plaintiff was convicted of Driving Under the Influence and sentenced to Forty-Eight Hours to Six Months imprisonment.

11.    Thereafter, Plaintiff served another two days in prison.

12.    The detainment of Plaintiffs committed by Defendants as well as the actions leading up to the detainment was done with the intent and purpose of humiliating and embarrassing Plaintiffs in the presence of the public in general..

13.    At the direction of Defendants, Hartzell, and other Police Officers from the City of Philadelphia, Plaintiff, Anthony Spina was unlawfully imprisoned and detained based upon false pretext created by the Defendants.

14.    As a direct and proximate result of the aforementioned acts and omissions of the Defendants, Plaintiff, Anthony Spina suffered and continues to suffer from but not limited to the following:

    A.    Severe degradation, humiliation, embarrassment, emotional stress and anxiety;

    B.    Extreme fear, anxiety and paranoia especially upon seeing police officers and constables;

    C.    Damage to his reputation as a good, honest and law abiding citizen;

    D.    Having been and may continue to be prevented to attending to some or all of his usual daily activities to his great detriment and loss;

15.    As a direct and proximate result of the aforementioned actions of Defendant,

Plaintiff, Anthony Spina, has suffered a severe loss of earnings and impairment of his earning capacity or power, which will continue for an indefinite period of time in the future to his great detriment and loss.

16. As a direct and proximate result of the aforementioned actions of the Defendants, Plaintiffs, Anthony Spina, have and will thereafter incur other financial expenses and losses.

## COUNT I
## 42 U.S.C. SECTION 1983 AND 1988

17. Paragraphs 1 through 16 are incorporated herein by reference as though fully set forth herein at length.

18. As aforementioned, Defendants, Hartzell and City of Philadelphia, acted in the course and scope of their employment, under the color

of state law, and pursuant to the customs, policies and practices of the Defendant City of Philadelphia intentionally and maliciously arrested and detained Plaintiff under false pretext, without probable cause, without due process of law and depriving him of the equal protection of the law and depriving him of the privileges and immunities afforded to citizens of the United States, all of which actions violated the Plaintiffs' rights under the Fourth, Fifth, Sixth and Fourteenth Amendments of the Constitution of the United States, laws of the United States and in violation of 42 U.S.C. Section 1983.

19. As aforementioned, Defendants, Hartzell and City of Philadelphia, acted in the course and scope of their employment, under the color of state law, and pursuant to the customs, policies and practices of the Defendant, City of Philadelphia when

they used their authority illegally and improperly to punish the Plaintiffs all of

which violated the Plaintiffs' rights under the Fourth, Fifth, Sixth, Eight and

Fourteenth Amendments of the Constitution of the United States, the laws of the

United States and in  violation of 42 U.S.C. Section 1983.

20.     The above described actions of Defendants, Hartzell and City of Philadelphia,

were so malicious intentional and/or grossly negligent, displayed

such a reckless indifference to the Plaintiffs' rights and well being that the

imposition of punitive damages is warranted against Defendants.

WHEREFORE, pursuant to 42 U.S.C. Section 1983 and Section 1988 Plaintiff, Anthony

Spina demands compensatory and punitive damages against all named Defendants in an amount

in excess of $100,000.00.

**COUNT II**
**FALSE ARREST AND FALSE IMPRISONMENT**

21.     Paragraphs 1 through 20 are incorporated herein by reference as if each were set

forth herein at length.

22.     Defendants, Hartzell and City of Philadelphia, intentionally caused the false arrest

and imprisonment of the Plaintiffs under false pretext and without probable cause,

without privilege and against the Plaintiffs' will.

23.     As a direct and proximate result of the malicious and intentional acts of the

Defendants' and their employees, Plaintiff suffered injuries which are described

above.

24.     The above described actions of Defendant, Hartzell and City of Philadelphia, were

so malicious, intentional and reckless and displayed such a

reckless indifference to the Plaintiffs' rights and well-being that the imposition of punitive damages is warranted against Defendants.

WHEREFORE, Plaintiff, Anthony Spina, demands compensatory and punitive damages against the Defendants jointly and severally to the common law torts of false arrest and false imprisonment and in an amount in excess of $100,000.00 plus costs, interest, attorney fees and delay damages.

## COUNT IV
## INFLICTION OF EMOTIONAL DISTRESS
## 42 U.S.C. SECTION 1983 AND 1988

25.    Paragraphs 1 through 24 are incorporated herein by reference as if each were fully herein set forth at length.

26.    Plaintiffs believe and therefore aver that Defendants did inflict serious emotional distress upon the Plaintiffs in a careless and reckless manner.

27.    As a direct result of the actions of the Defendants, Plaintiff has been caused severe emotional damage and experienced great emotional trauma.

42.    Due to the negligence and recklessness of Defendant City of Philadelphia individually and by and through the actions of the Defendant, Hartzell consisted inter alia of the following:

    A.  Failing to have an existence and/or maintain proper personnel training procedures necessary to prevent this type of conduct;

    B.  Failing to instruct and supervise their police officers in dealing with members of the public;

    C.  Failing to properly calibrate and maintain its breathalizer machines;

and

D.  Carelessly, recklessly and negligently employing, training, supervising

and implementing personnel policies and procedures as discovery will

disclose and Plaintiff hereby reserves the right to include other causes of

action and negligence after discovery has been completed.

WHEREFORE, Plaintiff, Anthony Spina, demands judgment against Defendants, jointly,

severally and/or individually  in an amount in excess of $100,000.00 plus costs, interest, attorney

fees and delay damages.

BY:_____

MARC A. WEINBERG, ESQUIRE
Pa. Atty. I.D. No. 60643
Saffren & Weinberg
815 Greenwood Avenue, Suite 22
Jenkintown, PA 19046
(215) 576-0100

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: 916 S. 8th Street, Philadelphia, PA  19147

Address of Defendant: One Parkway, 1515 Arch Street, Philadelphia, PA  19102

Place of Accident, Incident or Transaction: Philadelphia, PA

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No☒

Does this case involve multidistrict litigation possibilities?   Yes☐   No☒

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, MARC A. WEINBERG, ESQUIRE , counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 1/25/12 _____ _____ 60643

Attorney-at-Law                                      Attorney I.D #

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 1/25/12 _____ _____ 60643

Attorney-at-Law                                      Attorney I.D.#

CIV. 609 (6/08)

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA** — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _916 S. 8th Street, Philadelphia, PA 19147_

Address of Defendant: _One Parkway, 1515 Arch Street, Philadelphia, PA 19102_

Place of Accident, Incident or Transaction: _Philadelphia, PA_

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))  Yes☐  No☒

Does this case involve multidistrict litigation possibilities?  Yes☐  No☒

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

**ARBITRATION CERTIFICATION**

*(Check Appropriate Category)*

I, _MARC A. WEINBERG, ESQUIRE_, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _1/25/12_  _____  _60643_
                  Attorney-at-Law              Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _1/25/12_  _____  _60643_
                  Attorney-at-Law              Attorney I.D.#

CIV. 609 (6/08)

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

ANTHONY SPINA                 :         CIVIL ACTION
                                :
             v.                :
CITY OF PHILADELPHIA AND    :
OFFICER BRIAN W HARTZELL    :         NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.      ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
     and Human Services denying plaintiff Social Security Benefits.      ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
     exposure to asbestos.      ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
     commonly referred to as complex and that need special or intense management by
     the court. (See reverse side of this form for a detailed explanation of special
     management cases.)      ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.      (X)

| 1/25/12 | Marc A. Weinberg, Esquire | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-576-0100 | 215-576-6288 | mweinberg@saffwein.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02