IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

| | | |
|---|---|---|
| **ANTHONY SPINA** | : | **CIVIL ACTION** |
| | : | |
| vs. | : | |
| | : | No. 12-408 |
| **CITY OF PHILADELPHIA, et al.** | : | |
| | : | **Jury Trial Demanded** |

---

### ORDER

**NOW**, this _____ day of _____, 2012, upon consideration of Defendants, Police Officer Hartzell and The City of Philadelphia's Motion for Summary Judgment, and upon consideration of the briefs of the parties, or any lack thereof,

**IT IS ORDERED** that the Motion is **GRANTED** and all claims against Defendants, Police Officer Hartzell and The City of Philadelphia are **DISMISSED** with prejudice.


BY THE COURT:

_____
J. ROBRENO

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANTHONY SPINA** | : | **CIVIL ACTION** |
| | : | |
| vs. | : | |
| | : | **No. 12-408** |
| **CITY OF PHILADELPHIA, et al.** | : | |
| | : | **Jury Trial Demanded** |

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendants, Police Officer Hartzell and The City of Philadelphia, hereinafter referred to as "Defendants" by their undersigned attorney, hereby file this Motion for Summary Judgment.

Pursuant to Local Rule 7.1(c) the Defendants hereby incorporate by reference the attached Memorandum of Law as though fully set forth at length.

Respectfully submitted,

Dated: December 10, 2012

**AMANDA C. SHOFFEL**
City of Philadelphia Law Department
Civil Rights Unit
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-5443
(215) 683-3597 (fax)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANTHONY SPINA** | : | **CIVIL ACTION** |
| | : | |
| vs. | : | |
| | : | No. 12-408 |
| **CITY OF PHILADELPHIA, et al.** | : | |
| | : | **Jury Trial Demanded** |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendants, Police Officer Hartzell and The City of Philadelphia hereinafter referred to as "Defendants," hereby file this Memorandum of Law in Support of their Motion for Summary Judgment as to all claims contained in Plaintiff's Complaint.

### I. STATEMENT OF THE CASE

On January 25, 2012, Plaintiff initiated this action in the United States District Court, Eastern District of Pennsylvania against The City of Philadelphia and Police Officer Brian Hartzell for alleged violations of his rights under the Fourth Amendment to the U.S. Constitution. He claims false arrest, false imprisonment and intentional infliction of emotional distress against Officer Hartzell, and a Monell claim against the City of Philadelphia.

On January 29, 2010, at approximately 3:30 a.m., Plaintiff Anthony Spina was driving with two passengers at 2nd and Christian Streets in Philadelphia when he was stopped by Police Officer Brian Hartzell. Exhibit A, DEPOSITION OF ANTHONY SPINA, taken November 1, 2012; at 13:5-13:16. About ten minutes earlier, Plaintiff had been involved in a car accident in the parking lot of Zee Bar Nightclub. Id; see also, 14:12-14:16. Plaintiff was backing out of a

parking spot when he hit a cab that had pulled up behind him. Id. Plaintiff estimated that prior to the accident, he had two Heinekens while inside Zee Bar. Id at 20:17-20:20.

Officer Hartzell and his partner, Officer Foley, were flagged down by a taxi driver in the parking lot of Zee Bar. Exhibit B, DEPOSITION OF BRIAN HARTZELL, taken August 14, 2012; at 15:13-15:18. The taxi driver gave the Officers a description of a gold Acura with the license plate GTL 3137. Id. The Officers drove southbound on Delaware Avenue and observed a gold Acura with the matching tag. Id. The Officers activated lights and sirens and pulled Mr. Spina's vehicle over. Id. at 19:5-19:7.

Upon request, Mr. Spina produced his license and identification. DEPOSITION OF ANTHONY SPINA, at 25:8-25:11. On request, he also stepped out of the vehicle which he had been driving. Id. Once standing outside of the car, Mr. Spina was asked to perform various sobriety tests. Id. at 26:1-26:2. Spina was asked to touch his nose, recite the alphabet, and walk in a line. Id. at 26:4-26:7. Mr. Spina was asked to walk in a line twice because an Officer told him that he missed a step. Id. at 26:6-26:7. Id. Plaintiff also told the Officers he had been drinking. See, Exhibit C, Plaintiff's Verified Responses to Defendant's Requests for Admissions.

Officer Hartzell testified that during the sobriety tests, he observed that Mr. Spina exhibited watery eyes and smelled of alcohol. DEPOSITION OF BRIAN HARTZELL, at 36:22-37:9. He also observed Spina walk with an unsteady gait after he exited the vehicle. Id. The taxi driver complainant also came to the location and positively identified Anthony Spina as the driver of the Acura who struck her vehicle. Id. 25:9-25:15. Based on his own observations, Plaintiff's admission that he had been drinking that night, and Hartzell's knowledge of the accident, Anthony Spina was placed under arrest for a violation of 75 Pa. Cons. Stat. Ann. § 3802, driving under the influence. Id. at 26:1-26:3. Plaintiff's car was driven away from the scene by one of his

passengers, and Plaintiff was taken to the police district. DEPOSITION OF ANTHONY SPINA, at 24:9-24:17.

While at the district, Plaintiff was administered a breathalyzer test. Id. at 27:15-27:23. It is undisputed that Officer Hartzell did not administer the breathalyzer test.[1] Officer Hartzell is not trained to administer a breathalyzer test, nor has he ever done so. DEPOSITION OF BRIAN HARTZELL, at 38:7-38:22. Patrol officers make initial observations whether an individual is operating a vehicle unsafely due to drugs or alcohol. Id. Patrol officers then transport the individual to a district where an accident investigation officer administers a breathalyzer test. Id. In the months following his arrest, Plaintiff was convicted of driving under the influence. DEPOSITION OF ANTHONY SPINA, at 36. His conviction was later reversed because the breathalyzer test administered by the accident investigator at the police district was found to have been incorrectly calibrated on the night of his arrest. Id.

Summary judgment should be granted for the Defendants on all counts. First, Officer Hartzell had probable cause to arrest Plaintiff Anthony Spina for driving under the influence based on Plaintiff's admissions he had been drinking as well as Officer Hartzell's knowledge of the accident involving Plaintiff. Alternatively, Officer Hartzell is entitled to qualified immunity because a reasonable officer on the scene would have believed it permissible to arrest Plaintiff, even where such a belief is later mistaken. Third, Plaintiff has failed to allege physical injury or support his claim for intentional emotional distress with competent medical evidence, as required by Pennsylvania law. DeBellis v. Kulp, 166 F.Supp.2d 255 (E.D. Pa. 2001). Finally, there has

---

[1] Plaintiff's Complaint claims Officer Hartzell administered a breathalyzer test during the course of the stop at 2nd and Christian Streets. See, Plaintiff's Complaint at ¶ 5. During his deposition, Plaintiff stated he was not administered a breathalyzer test until he arrived at the precinct, which was after he had been arrested. When opposing a motion for summary judgment, a party cannot rely on the averments or denials in the pleadings but must go beyond them "[to] designate 'specific facts showing that there is a genuine issue for trial." Celotex Corp. v. Catrett, 477 U.S. 317, 324, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986) (quoting Fed. R. Civ. P. 56(e)). Country Floors, Inc. v. Gepner, 930 F.2d 1056, 1060-1061 (3d Cir. Pa. 1991). Defendants therefore rely on the deposition testimony in the instant motion.

been no discovery adduced to establish deliberate indifference through a policy, pattern, or practice by The City of Philadelphia. Thus, summary judgment is proper for defendants on all counts.

## II. **STANDARD OF REVIEW**

On motions for summary judgment, the moving party bears the initial burden of identifying for the court those portions of the record that it believes demonstrate the absence of material fact disputes. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). To defeat summary judgment, the non-moving party must respond with facts of record to contradict the facts identified by the movant. Id. at 321 n.3 (quoting Fed. R. Civ. P. 56(e)); see also First National Bank of Pennsylvania v. Lincoln National Life Insurance Co., 824 F.2d 277, 282 (3d Cir. 1987). The non-moving party bears the burden of proof and must, by affidavits or by the depositions and admissions on file, "make a showing sufficient to establish the existence of [every] element essential to that party's case." Celotex Corp., 477 U.S. at 322-24; Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); Fed. R. Civ. P. 56(e). Although all justifiable inferences must be drawn in favor of the non-moving party, the "moving party is entitled to summary judgment where no reasonable resolution of conflicting evidence and inferences therefrom could result in a judgment for the non-moving party." Baby Neal v. Casey, 821 F. Supp. 320, 324 (E.D. Pa. 1993).

"When a motion for summary judgment is made and supported as provided in [Rule 56], an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or otherwise provided in [Rule 56], must set forth specific facts that there is a genuine issue for trial." Fed. R. Civ. Pro. 56(e); see also Celotex Corp., 477 U.S. at 322; Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460 (3d Cir. 1990). Furthermore, a

plaintiff cannot "simply reassert factually unsupported allegations in its pleadings." Celotex Corp., 477 U.S. at 325. The plaintiff must present affirmative evidence in order to defeat this properly supported motion for judgment. Id. at 332.

### III. ARGUMENT

#### A. THERE WAS PROBABLE CAUSE FOR THE ARREST OF PLAINTIFF FOR DRIVING UNDER THE INFLUENCE. ALTERNATIVELY, OFFICER HARTZELL IS ENTITLED TO QUALIFIED IMMUNITY.

##### i. Probable Cause Existed For the Arrest of Plaintiff.

The Fourth Amendment protects individuals against unreasonable searches and seizures, and includes a right to be free from false arrest or imprisonment.[2] U.S. Const. Amend. IV. While the existence of probable cause is generally a jury question, it may be appropriate for summary judgment where "the uncontroverted facts could not lead a reasonable person to find that probable cause was lacking." Telepo v. Palmer Township, 40 F. Supp.2d 596, 611 (E.D. Pa. 1999); accord Dreary v. Three Un-named Police Officers, 746 F.2d 185, 192 (3d Cir. 1984) (holding that a probable cause determination is appropriate for summary judgment where there are no genuine issues of material fact and no credibility issues).

The determination whether probable cause to arrest exists is a factual analysis that must be performed by the officers at the scene. Sharrar v. Felsing, 128 F.2d at 818 (3d Cir. 1997). Obviously, it is neither feasible nor desirable for officers on the street to take it upon themselves to conduct a trial on the spot to establish guilt or innocence. See Morrison v. United States, 491 F.2d 344, 346 (8th Cir. 1974) ("there is no constitutional or statutory requirement that before an arrest can be made the officer must conduct a trial"). Instead, the Fourth Amendment provides

---

[2] False arrest and false imprisonment are nearly identical claims that are generally analyzed together. The elements of false imprisonment are (1) the detention of another person, and (2) the unlawfulness of such detention, where such detention is unlawful if it is the consequence of a false arrest. Karkut v. Target Corp., 453 F. Supp. 2d 874 (E.D. Pa. 2006).

that seizure is not unlawful if it is based upon probable cause. Officer Hartzell's arrest resulted in Plaintiff's charge for a violation of 75 Pa. Cons. Stat. Ann. § 3802, driving under the influence. In Pennsylvania, a person, "(1) may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle," or where, "(2) the alcohol concentration in the individual's blood or breath is at least 0.08% but less than 0.10% within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle." 75 Pa. Cons. Stat. Ann. § 3802.

Officer Hartzell had probable cause for the arrest of Plaintiff under subsection (1) of 75 Pa. Cons. Stat. Ann. § 3802. [3] Plaintiff's admissions, without taking into account the credibility of Officer Hartzell, clearly demonstrate there was probable cause for his arrest. See, Exhibit C, Plaintiff's Verified Responses to Defendant's Requests for Admissions. Anthony Spina admitted he was drinking on the night of January 28, 2010 into January 29, 2010. Id. He admitted that he was involved in an accident with another vehicle in the parking lot of Zee Bar. Id. He admitted that he was driving the car that was involved in the accident in the parking lot. Id. Spina also admitted that he told Officer Hartzell and Officer Foley that he had been drinking that night during the traffic stop. Id. Based on these admissions, there is no issue for the jury regarding the credibility of Officer Hartzell. While Plaintiff might argue a reasonable jury might discredit Hartzell's testimony about the odor of alcohol or Plaintiff's demeanor, this is simply not an issue based on Spina's own admissions.

---

[3] A breathalyzer test is not required for a driving under the influence conviction, as drivers have a statutory right to refuse chemical testing. 75 Pa.C.S.A. 1547(b)(2).

Furthermore, Plaintiff was already placed under arrest by the time he was given the breathalyzer test, and was arrested for reasons wholly independent of the breathalyzer results. Even if true, any incorrect calibration of the breathalyzer test had no bearing in the probable cause analysis of the arresting officer, and therefore did not cause any alleged constitutional violation. On the night of the arrest, Officer Hartzell knew Plaintiff imbibed alcohol and was involved in an accident while operating his motor vehicle, which would warrant a reasonable person to believe Spina was in violation of subsection (1) of 75 Pa. Cons. Stat. Ann. § 3802. Id; see also, Merkle v. Upper Dublin School Dist., 211 F.3d 782, 788 (3d Cir. 2000).

### ii. Officer Hartzell is Entitled to Qualified Immunity.

Even assuming, *arguendo*, Plaintiff's Constitutional rights were violated, qualified immunity should nonetheless be granted to Officer Hartzell. Government officials performing discretionary functions generally are "shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). The doctrine of qualified immunity "seeks to ensure that defendants reasonably can anticipate when their conduct may give rise to liability by attaching liability only if the contours of the right violated are sufficiently clear that a reasonable official would understand that what he is doing violates that right." United States v. Lanier, 520 U.S. 259, 270-71 (1997) (internal quotations and citations omitted). Qualified immunity "protects 'all but the plainly incompetent or those who knowingly violate the law.'" Anderson v. Creighton, 483 U.S. 635, 638 (1987) (quoting Malley v. Briggs, 475 U.S. 335, 341 (1986)).

In Saucier v. Katz, 533 U.S. 194 (2001), the Supreme Court discussed the two-step inquiry which should be used to determine whether police officers can be held liable for an

alleged violation of plaintiff's constitutional rights.  Once it is established that a constitutional right has been violated, the Court should consider whether the officer reasonably believed his actions were legal under the circumstances.  See also Showers v. Spangler, 182 F.2d 165, 171 (3d Cir. 2000); Kim v. Gant, 1997 WL 535138 at *10 (E.D. Pa. 1997).

The doctrine of qualified immunity is intended to give ample room for reasonable but mistaken judgments by police officers.  See Orsatti v. New Jersey State Police, 71 F.3d 480, 484 (3d Cir. 1995).  As the Supreme Court pointed out in Saucier:

> The concern of the immunity inquiry is to acknowledge that reasonable mistakes can be made as to the legal constraints on particular police conduct.  It is sometimes difficult for an officer to determine how the relevant legal doctrine, here excessive force, will apply to the factual situation the officer confronts.  An officer might correctly perceive all of the relevant facts but have a mistaken understanding as to whether a particular amount of force is legal in those circumstances.  If an officer's mistake as to what the law requires is reasonable, however, the officer is entitled to immunity defense.

Saucier, 121 S.Ct. at 2158.  The officer's subjective intent is immaterial to the qualified immunity question.  "Instead, 'whether an official protected by qualified immunity may be held personally liable for an allegedly unlawful action generally turns on the 'objective legal reasonableness' of the action, assessed in light of the legal rules that were 'clearly established' at the time it was taken." Showers, supra, 182 F.2d at 172 (quoting Anderson, supra).

Here, Plaintiff admits that on the night of his arrest, he was drinking alcohol, driving a motor vehicle, and involved in an accident.  There can be no legitimate dispute that a reasonable police officer who knew these facts would believe it was constitutionally permissible to place the person under arrest for violations of 75 Pa. Cons. Stat. Ann. § 3802. Although Plaintiff's criminal conviction was later reversed due to an incorrect calibration of the breathalyzer test, there is nothing in the record to suggest Officer Hartzell knew, or should have known, that the arrest would be invalidated at the time he affected it. Officer Hartzell, as a patrol officer, is not

permitted to perform breathalyzer tests. Only accident investigators are trained to administer the tests, including calibrating the tests. Even if Plaintiff could prove Officer Hartzell violated a clearly established right, Hartzell is still entitled to qualified immunity because he "mistakenly but reasonably believed that his actions were constitutionally permissible." Hung v. Watford, No. 01-3580, 2002 WL 31689328, at *2 (E.D. Pa. Dec. 3, 2002). "If there is no genuine issue of fact as to whether defendant acted with such a reasonable but mistaken belief, then he is entitled to qualified immunity regardless of whether his actions actually were constitutional." Hung, 2002 WL31689328, at *2 (citing Saucier, 533 U.S. at 206). For the reasons stated, Officer Hartzell's actions are entitled to qualified immunity.

### B.  PLAINTIFF HAS NOT ALLEGED A PHYSICAL INJURY OR PROVIDED COMPETENT MEDICAL EVIDENCE TO SUPPORT A CLAIM OF INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.

The Pennsylvania Supreme Court has never expressly recognized a cause of action for intentional infliction of emotional distress. Taylor v. Albert Einstein Med. Ctr., 754 A.2d 650, 652 (Pa. 2000). Even assuming Pennsylvania law would recognize such a tort, to prove a claim for intentional infliction of emotional distress, the following elements must be established: (1) the conduct must be extreme and outrageous; (2) the conduct must be intentional or reckless; (3) the conduct must cause emotional distress; and (4) the distress must be severe. McHenry v. County of Delaware, 2005 U.S. Dist. LEXIS 25009 at *46 (E.D. Pa. 2005). The conduct must be such that it goes "beyond all bounds of decency, and [is] regarded as atrocious, and utterly intolerable in a civilized society." Id., quoting Marable v. W. Pottsgrove Twp., 2005 U.S. Dist. LEXIS 13754, at *41-*42 (E.D. Pa. July 8, 2005) (quoting Buczek v. First Nat'l Bank of Miffletown, 531 A.2d 1122, 1125 (Pa. Super. Ct. 1987)). Only the most egregious conduct can serve as the basis for an intentional infliction of emotional distress claim. See Hoy v. Angelone,

720 A.2d 745, 754 (Pa. 1998) ("It has not been enough that the defendant has acted with intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by 'malice,' or a degree of aggravation that would entitle the plaintiff to punitive damages for another tort").

Comment D to the Restatement (Second) of Torts, §46 (1965) further describes the bounds of liability:

> The cases thus far decided have found liability only where the defendant's conduct has been extreme and outrageous. It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by "malice," or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, "Outrageous!"

Kazatsky v. King David Memorial Park, 515 Pa. 183, 190-91 (1987).

Here, Officer Hartzell's conduct does not rise to the level needed to sustain this claim. The Defendant is a law enforcement officer, and his conduct was in the course of duty. Police officers may exercise their police powers to make arrests. 18 Pa. Cons. Stat. § 508 (2006). Officer Hartzell brought forth charges against Plaintiff, which were supported by probable cause. Certainly this conduct by the officer in the course of his law-enforcement duties does not rise to the "outrageous" level needed to sustain this claim.

Additionally, in order to state a claim for intentional infliction of emotional distress, the plaintiff must allege physical injury. Rolla v. Westmoreland Health Sys., 651 A.2d 160, 163 (Pa. Super. Ct. 1994). Plaintiff's claim must be supported with competent medical evidence, in the form of expert medical evidence. See Debellis, 166 F.Supp 2d. 255, 281(E.D. Pa. 2001); see also

Kazatsky v. King David Mem'l Park, Inc., 515 Pa. 183 (Pa. 1987).  Here, Plaintiff has adduced no evidence of any physical manifestation of an emotional injury.  Nor does Plaintiff have an expert medical opinion indicating such physical injury.  Thus, plaintiff cannot meet his burden on the claim of intentional infliction of emotional distress.

### C.  PLAINTIFF HAS FAILED TO ESTABLISH A VIABLE CAUSE OF ACTION AGAINST THE CITY OF PHILADELPHIA.

There is no *respondeat superior* liability under Section 1983.  A municipality can only be liable under § 1983 when the municipality itself **causes** the complained-of violation.  Monell v. Department of Social Services, 436 U.S. 658 (1978).  To prevail against the City under § 1983, the plaintiff must prove that his rights were "violated as a result of a municipal policy or custom of deliberate indifference" to the rights of its citizens.  Estate of Henderson v. City of Philadelphia, 1999 U.S. Dist. LEXIS 10367 *54-55 (E.D. Pa. 1999) (citing Simmons v. City of Philadelphia, 947 F.2d 1042, 1064 (3d Cir. 1991)).  A municipality may be liable under § 1983 if its policy or well-settled custom causes a constitutional injury.  Monell, 436 U.S. at 694.  "A plaintiff seeking damages from a municipality must prove that municipal policymakers established or maintained a policy or custom which caused a municipal employee to violate the plaintiff's constitutional rights; the policy must be the "moving force" behind the constitutional tort."  Estate of Henderson, 1999 U.S. Dist. LEXIS 10367 at *55.

To establish Monell liability, "a plaintiff must identify the challenged policy, attribute it to the city itself, and show a causal link between the execution of the policy and the injury suffered."  Losch v. Borough of Parkesburg, 736 F.2d 903, 910 (3d Cir. 1984); Martin v. City of Philadelphia, et al, 2000 U.S. Dist. Lexis 10242, at *17 (E.D. Pa. 2000).  Plaintiff must "present scienter-like evidence of indifference on part of a particular policymaker or policymakers."  Simmons, 947 F.2d at 1060-61.

In the absence of any unconstitutional statute or rule, it is plaintiffs' burden to articulate a factual basis that demonstrates considerably more proof than a single incident. <u>House v. New Castle County,</u> 824 F.Supp. 477, 486 (D.Del. 1993) (<u>citing</u> <u>Oklahoma City v. Tuttle</u>, 471 U.S. 808, 823-24 (1985) (a single prior incident is insufficient as a matter of law to establish liability on the part of a municipality to take preventive action). Absent any evidence of a widespread pattern of deliberate indifference, Plaintiff's municipal liability claim must fail. <u>Groman v. Township of Manalapan</u>, 47 F.3d 628, 637 (3d Cir. 1995) (dismissing § 1983 action against municipality because the basis for liability consisted primarily of "vague assertions about the police department's failure to investigate other wrongdoings" and the incident in the case itself); <u>Heron v. City of Philadelphia</u>, 987 F. Supp. 400, 404 (E.D. Pa. 1997) (dismissing excessive force claim based on lack of evidence demonstrating policymaker's awareness of questionable policy).

Plaintiff alleges that the City was deliberately indifferent to the need for, or had a policy, practice, and custom of failing to accurately calibrate breathalyzer tests, which violated Plaintiff's Constitutional rights. <u>See</u> Plaintiff's Complaint at ¶¶ 10-13. First, Plaintiff has failed to conduct any substantial discovery regarding municipal liability. Plaintiff has failed to produce any evidence that the City has failed to train, supervise, or discipline its accident investigation officers in any manner, or that the City permits investigators to violate citizens' Constitutional rights. Plaintiff has provided no evidence regarding the City's system of review of accident investigators, or any deficiencies. Second, to prove causation under Section 1983, plaintiffs must establish an affirmative link or plausible nexus between the described custom and his incarceration. Here, Plaintiff has produced no affirmative evidence that the City's alleged policies were a substantial factor in causing his alleged injuries. As explained <u>supra</u>, Plaintiff's injuries were not caused by the breathalyzer testing practices or policies (or lack thereof) of the

accident investigation division; there can be no municipal liability for a practice or policy that did not cause Plaintiff's injuries, even if it were unconstitutional. For these reasons, judgment should be entered in favor of the City of Philadelphia.

## IV. CONCLUSION

For the above-referenced reasons, Defendant Officer Hartzell and The City of Philadelphia, respectfully request that this Honorable Court grant Defendant's Motion for Summary Judgment as to all counts of Plaintiff's Complaint.


Date: December 10, 2012           /s/ *Amanda C. Shoffel*
                                  Amanda C. Shoffel, Esq.
                                  City of Philadelphia Law Department
                                  Civil Rights Unit
                                  1515 Arch Street, 14th Floor
                                  Philadelphia, PA 19102
                                  (215) 683-5443
                                  **ATTORNEY FOR DEFENDANT POLICE OFFICER HARTZELL AND THE CITY OF PHILADELPHIA**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ANTHONY SPINA** | : | **CIVIL ACTION** |
| | : | |
| vs. | : | |
| | : | No. 12-408 |
| **CITY OF PHILADELPHIA, et al.** | : | |
| | : | Jury Trial Demanded |

    I, Amanda C. Shoffel, hereby certify that on this date, the foregoing **Motion for Summary Judgment** was electronically filed and is available for viewing and downloading from the ECF system, and was thus served upon the following parties of record:

**MARC A. WEINBERG**
SAFFREN AND WEINBERG
815 GREENWOOD AVE
SUITE 22
JENKINTOWN, PA 19046

                          */s/Amanda C. Shoffel*
                          AMANDA C. SHOFFEL
                          Assistant City Solicitor

DATED:  December 10, 2012