IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANTHONY SPINA,                    :    CIVIL ACTION
                                  :    NO. 12-408
          Plaintiff,              :
                                  :
     v.                           :
                                  :
CITY OF PHILADELPHIA, et al.,     :
                                  :
          Defendants.             :

## O R D E R

**AND NOW**, this **16th** day of **May, 2013**, it is hereby

**ORDERED** that Defendant's Motion for Summary Judgment[1] (ECF No.

19) is **GRANTED**.[2] It is further **ORDERED** that Plaintiff's Complaint

---

[1]     Summary judgment is appropriate if there is no genuine
dispute as to any material fact and the moving party is entitled
to judgment as a matter of law. Fed. R. Civ. P. 56(a). "A motion
for summary judgment will not be defeated by 'the mere
existence' of some disputed facts, but will be denied when there
is a genuine issue of material fact." Am. Eagle Outfitters v.
Lyle & Scott Ltd., 584 F.3d 575, 581 (3d Cir. 2009) (quoting
Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)).

        In undertaking this analysis, the Court views the
facts in the light most favorable to the non-moving party.
"After making all reasonable inferences in the nonmoving party's
favor, there is a genuine issue of material fact if a reasonable
jury could find for the nonmoving party." Pignataro v. Port
Auth. of N.Y. & N.J., 593 F.3d 265, 268 (3d Cir. 2010) (citation
omitted).

[2]     Anthony Spina (Plaintiff) commenced this § 1983 action
against the City of Philadelphia (the City) and Philadelphia
Police Officer Brian Hartzell. Plaintiff avers Officer Hartzell
violated his Fourth, Fifth, Sixth, and Fourteenth Amendment
rights and subjected him to false arrest, false imprisonment,
and infliction of emotional distress (it is unclear whether
Plaintiff's claim is for intentional or negligent infliction of
emotional distress, or both). Comp. ¶¶ 17-42, ECF No. 1.

Plaintiff also asserts general municipality-liability and failure-to-train claims against the City of Philadelphia. Id. Plaintiff avers that Officer Hartzell subjected him to an incorrectly calibrated breathalyzer test (although discovery reveals that Officer Hartzell did not administer the test, Spina Dep. 27:15-23, Nov. 1, 2012, ECF No. 19-1) that ultimately resulted in a four-day period of incarceration and a DUI conviction. Comp. ¶¶ 5-13. Plaintiff's conviction was overturned after a bench retrial because of the test. Spina Dep. 36:21-22.

Defendants moved for summary judgment on all counts in Plaintiff's Complaint. Defs.' Mot. For Summ. J, ECF No. 19. But, in his response, Plaintiff only addressed the arguments relating to his municipality-liability claims. Under Local Rule 7.1(b), when a motion for summary judgment is filed and the opposing party fails to respond, the motion may not be granted as unopposed, but the Court must determine the merits of the entire motion. In contrast, when the opposing party files a response and addresses some but not all of the moving party's arguments, the claims relating to the unopposed arguments are then deemed abandoned. See Seals v. City of Lancaster, 553 F. Supp. 2d 427, 432-33 (E.D. Pa. 2008) (citations omitted). Here, Plaintiff failed to address the portions of Defendant's motion relating to Plaintiff's state-law claims and all claims against Officer Hartzell. Accordingly, the Court need not address the merits of Defendant's arguments on those claims. The Motion for Summary Judgment is granted as unopposed as to Plaintiff's state-law claims and his constitutional claims against Officer Hartzell.

The Court will therefore only address Plaintiff's municipality claims against the City of Philadelphia. In sum, Plaintiff alleges that the City had a custom in place that allowed accident-investigation officers (those responsible for calibrating breathalyzer devices) to persistently miscalibrate those devices without corroboration. Pl.'s Resp. 5, ECF No. 20. Plaintiff also alleges that the City failed to supervise accident-investigation officers in calibrating the devices. Id. at 6. Plaintiff's claims cannot survive summary judgment.

Municipalities and other government entities are subject to suit under § 1983 for constitutional rights violations. Mulholland v. Gov. Cnty. of Berks, 706 F.3d 227, 237 (3d Cir. 2013) (citing Monell v. N.Y. City Dept. of Social Servs., 436 U.S. 658, 690-92 (1978)). Liability is imposed only when the government, "under color of some official policy, 'causes' an employee to violate another's constitutional

is **DISMISSED** with prejudice, and the Clerk shall mark this case

**CLOSED.**

**AND IT IS SO ORDERED.**

**/s/ Eduardo C. Robreno**
**EDUARDO C. ROBRENO,      J.**

---

rights." Id. Liability will not be imposed on a respondeat
superior theory. Id. To plead a Monell claim, a plaintiff must
show that: (1) the municipality had a policy or custom that
deprived the plaintiff of his constitutional rights; (2) the
municipality acted deliberately and was the moving force behind
the deprivation; and 3) that the plaintiff's injury was caused
by the identified policy or custom. Watson v. Abington Twp., 478
F.3d 144, 155-56 (3d Cir. 2007) (citations omitted).

Similarly, to plead a failure-to-train claim, a
plaintiff must show that "a failure to train reflects a
'deliberate' or 'conscious' choice by a municipality." Doe v.
Luzerne Cnty., 660 F.3d 169, 179 (3d Cir. 2011) (citing City of
Canton v. Harris, 498 U.S. 378, 389 (1989)). Mere allegations
that the municipality could have or should have incorporated
different training programs are insufficient; so too are mere
allegations that "a particular officer may be unsatisfactorily
trained." Id. at 389-91. Rather, "deliberate indifference"
requires facts showing "a deliberate choice to follow a course
of action [that] is made from among various alternatives"
without regard to the known or obvious consequences. Harris, 498
U.S. at 389.

In this case, assuming Plaintiff's constitutional
rights were violated, he has still failed to meet his
evidentiary burden for either claim. He has failed to conduct
any substantial discovery regarding municipal liability. He has
failed to produce any evidence concerning the City's supervision
of its accident-investigation officers. He has failed to produce
any evidence regarding the City's system of review of accident
investigators or any deficiencies therein. Plaintiff only points
to evidence that five of seven active devices in January 2010
were incorrectly calibrated, including Plaintiff's. Novak Dep.
13:15-14:4, Aug. 14, 2012, ECF No. 20-2. After Plaintiff's
conviction, the City instituted a policy that required accident-
investigation officers to double-check their breathalyzer
calibrations. Novak Dep. 16:15-19. But a mere policy change is
insufficient to demonstrate deliberate indifference. Therefore,
his municipality claims must fail.